# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRIAN BROWN,**

      **Plaintiff,**

      **v.**                                 **Case No.  04-3216-JWL**

**M. EARDLEY, et al.,**

      **Defendants.**
_____

## MEMORANDUM AND ORDER

On June 30, 2004, Brian Brown filed suit against Officers M. Eardley, (first name unknown) Semick, (first name unknown) Gally and (first name unknown) Mullins, Unit Managers (first name unknown) Ashman and (first name unknown) Meldner, Correctional Counselor (first name unknown) Howard, Case Manager G. Gray, Facility Captain Gray Cavajal, Associate Warden (first name unknown) Nitchels, Associate Warden Helen Marberry, Special Investigators (first name unknown) Goodin and (first name unknown) Rosalus and Disciplinary Judge (first name unknown) Lacy under § 1983, alleging that the conditions of confinement plaintiff was subjected to violated plaintiff's Eight Amendment rights guaranteed by the Constitution, as defendants conspired to have plaintiff "attacked and killed" both by institution officials and by other inmates.

This matter is currently before the court on plaintiff's motion to strike all documents filed by the United States Attorney's Office on behalf of defendants and plaintiff's motion for

a default judgment   (Doc. # 80), plaintiff's request for documents to respond to defendants' motion to dismiss (Doc. # 89) and defendants' motion to dismiss plaintiff's complaint (Doc. # 83).[1]  Also, plaintiff seeks to add a claim against one or more of the defendants in Doc. # 89.

The court denies plaintiff's motion to strike defendants' documents, as it was proper for the United States Attorney's Office to file extensions for defendants to respond to plaintiff's pleadings, protecting defendants' rights, while awaiting authority to represent defendants; denies plaintiff's motion for a default judgment, as defendants have responded to plaintiff's complaint and even if defendants had not responded, plaintiff has not obtained an entry of default from the clerk of the court; and denies plaintiff's request for documents to reply to defendants' motion to dismiss because the court has sufficient documentation to determine whether plaintiff has exhausted his administrative remedies.

The court grants defendants' motion to dismiss plaintiff's complaint and also dismisses plaintiff's claim found in Doc. # 89 because plaintiff has not exhausted his administrative remedies as evidenced in the documentation provided by plaintiff and defendants.

I.    **Motion to Strike**

_____

[1]   Plaintiff has also filed a motion for a temporary restraining order and/or preliminary injunction, arguing continuing violations of his constitutional rights at the penitentiary in Leavenworth, Kansas.  ("Emergency Request for Relief," Doc. # 56)  However, since filing his motion, plaintiff has been transferred to the penitentiary in Florence, Colorado where he is no longer subject to the alleged conditions, and therefore, plaintiff's motion is moot.

2

Plaintiff filed a motion to strike all documents filed on behalf of defendants, Eardley, Semick, Gally, Mullins, Ashman, Howard, Cavajal, Nitchels, Goodin, Rosalus and Lacy ("the federal defendants"), by Assistant United States Attorney Christopher Allman, arguing that AUSA Allman was not authorized to represent the federal defendants.

When an officer or employee of the United States is sued or subpoenaed in his or her official capacity, the Department of Justice ("DOJ") normally provides representation for the affected party. *See* 28 U.S.C. § 516 (2000); 28 C.F.R. § 50.15(a) (2000). Federal employees seeking Department of Justice representation must formally request representation and must sign a representation agreement, providing all information requested by the DOJ to determine whether it is appropriate for it to represent the employee. 28 C.F.R. § 50.15(a).

Here, the DOJ agreed to represent the federal defendants at least as of February 1, 2005, but before this agreement was formalized, the DOJ, through AUSA Allman, filed a motion for an extension of time to file a response to plaintiff's " 'Emergency Motion for Relief' Requesting Temporary Restraining Order and/or Preliminary Injunction" (Doc. # 67) and a motion for an extension of time to file an answer or otherwise plead (Doc. # 73). Plaintiff argues that these documents were improperly filed, requiring that they be stricken, and therefore, defendants have failed to file a timely response to plaintiff's complaint, making a default judgment appropriate.

The court finds that is was appropriate for AUSA Allman to file these requests for extension which were purely procedural, preserving the rights of the federal defendants, rather than substantive in nature, as the federal defendants sought representation, which was

3

eventually granted by the DOJ.  Plaintiff also asks that the court strike all documents filed by AUSA Allman, believing that he does not represent the federal defendants.   However, at least as of February 1, 2005, the DOJ authorized representation of the federal defendants.  As the DOJ has agreed to represent the federal defendants, there are no grounds to strike any of the pleadings filed after February 1, 2005.   Therefore, the court denies plaintiff's motion to strike all of the documents filed by AUSA Allman.

**II.     Motion for Default Judgment**

As the court has denied plaintiff's motion to strike all documents filed by AUSA Allman, plaintiff's motion for a default judgment is moot, but even if the court had struck the documents filed by AUSA Allman, default judgment would be denied.

A party seeking a default judgment must first seek an entry of default from the clerk of the court upon the opposing party's failure to plead or defend an action. Fed. R. Civ. P. 55(a). Thereafter, if the party has entered an appearance, as is the case here, the party seeking a judgment of default must apply to the court for such an award. Fed. R. Civ. P. 55(b)(2). Because the court favors resolving cases on the merits, default judgments are disfavored. *See Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970). Therefore, "[f]or good cause shown," the court may set aside an entry of default or default judgment. Fed. R. Civ. P. 55(c). Nevertheless, "this judicial preference is counterbalanced by considerations of social goals, justice, and expediency" in adjudicating cases. *Id.*

4

Here, plaintiff's motion requesting the court to enter default judgment against defendants would not be ripe for the court's review, as default as to defendants has not been entered.  Moreover, there are no considerations present in this case which would override the strong judicial preference for deciding cases on their merits.

For the above reasons, the court denies plaintiff's motion for a default judgment.


III.   **Standard for Motion to Dismiss**[2]

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff.  *Adams v. Kinder-Morgan, Inc.,* 340 F.3d 1083, 1088 (10th Cir. 2003).  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

---

[2]  Defendants' motion is considered under Fed. R. Civ. P. 12(b)(6) because "a complaint that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir. 2003) (quotation omitted).

When, as here, a plaintiff is proceeding pro se, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001); *accord Shaffer v. Saffle*, 148 F.3d 1180, 1181 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The liberal construction of the plaintiff's complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* (quoting *Hall*, 935 F.2d at 1110). "Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (quoting *Hall*, 935 F.2d at 1110).

**IV.    Analysis**

Defendants move the court to dismiss plaintiff's complaint in its entirety as well as a claim purportedly brought by plaintiff in a separate pleading because plaintiff has failed to exhaust his administrative remedies.[3]   Plaintiff opposes this motion and asks the court to order production of documents   to support his opposition to defendants' motion to dismiss.

The court denies plaintiff's request for documents, as the record as provided by plaintiff and defendants contains sufficient information for the court to decide whether the plaintiff has exhausted his administrative remedies.

_____

[3]   In Doc. # 89, plaintiff requests copies of documents needed to reply to defendants' motion to dismiss, and plaintiff adds what he entitles a complaint.   Plaintiff's complaint is an additional claim, which has been brought by plaintiff without seeking leave to amend his complaint.

6

The court finds that plaintiff has not exhausted his administrative remedies for any of his claims, and therefore, dismissal of plaintiff's complaint and purported additional claim is warranted.

### A.  Request for Documents

On February 13, 2005, plaintiff filed a motion for a "Request For Copy of Documents Needed to Reply [to defendants' motion to dismiss]." (Doc. # 89)     There, plaintiff requested copies of his "memorandum" and his "Administrative Remedy Brief" (Doc. # 4) so that he could direct the court to evidence that he had exhausted his administrative remedies.

Plaintiff, however, filed a response to defendants' motion to dismiss (Doc. # 91) on February 18, 2005, where he stated that the documents submitted by defendants proved that plaintiff had exhausted his administrative remedies.     Additionally, plaintiff's "Administrative Remedy Brief," where he attached the documents which he believed supported a finding that he had exhausted his administrative remedies, has been reviewed by the court.

Based upon the documents provided by defendants and plaintiff, the court has sufficient documentation to determine whether plaintiff exhausted his administrative remedies, and therefore, plaintiff's motion for documents to reply to the motion to dismiss is denied.

### B.  Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "available" administrative remedies be exhausted prior to filing an action with respect to prison

7

conditions under § 1983. A prisoner must exhaust the administrative remedies available, even where those remedies would appear to be futile. *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Id.* The "doctrine of substantial compliance does not apply" to cases arising under PLRA. *Id.*

The Tenth Circuit also has held that the PLRA contains a procedural default concept within its exhaustion requirement, which means that a prison procedure that is procedurally barred and thus unavailable to a prisoner in not thereby considered exhausted. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004). "Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he 'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.' " *Id.* (citing *Jernigan v. Stuchell,* 304 F.3d 1030,1033. (10th Cir. 2002)).

In deciding a Rule 12(b)(6) motion based on exhaustion of administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, the Court may consider administrative materials attached to the prisoner's complaint. *See Steele v. Fed. Bur. of Prisons,* 355 F.3d 1204, 1212 (10th Cir. 2003) (citing *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir.2001)). If the prisoner does not incorporate by reference or attach the relevant administrative decisions, "a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Steele,* 355 F.3d at 1212 (quoting *GFF Corp. v. Associated Wholesale Grocers Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997)).

The Federal Bureau of Prisons ("BOP") maintains a four-step procedure for processing inmate grievances. *See Yousef v. Reno*, 254 F.3d 1214, 1220 (10th Cir. 2001). The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the warden of his institution through a written administrative remedy request. 28 C.F.R §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the regional director at the regional office. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the office of general counsel in Washington, D.C., the central office. 28 C.F.R. § 542.15. Each stage of the process has its own time limits and procedural instructions, and inmates are required to adhere to them. *McGee v. Federal Bureau of Prisons*, 2004 WL 2931365 at *3 (10th Cir. Dec. 20, 2004).

Here, plaintiff submitted an "Administrative Remedy Brief" (Doc. # 4) to show that he had exhausted his administrative remedies, specifically listing six administrative remedy filings as evidence of his exhaustion: (1) "Count one set," #287979, (2) "Count two set," #284475, (3) "Count three set," #299643, (4) "Count four set," #295019, (5) "Count five set," #327357 and (6) "Count six set," # 325920. The records from all of these grievances, however, show that plaintiff has failed to exhaust his administrative remedies.

In administrative remedy #287979, plaintiff alleged that he was being harassed by Officer Eardley. Plaintiff attempted to informally resolve his grievance as evidenced by an informal attempt to resolve form dated January 10, 2003, but plaintiff failed to do so, and directed his complaint to the warden in a document entitled "Inmate Attempt to Resolve" dated

January 9, 2003. On January 15, 2003, the administrative remedy coordinator responded, rejecting plaintiff's administrative remedy request because it failed to provide specific information concerning how his complaint related to the BOP's control of his confinement. The regional director's office received an appeal from the administrative remedy coordinator's decision on January 27, 2003, but his appeal was rejected on January 29, 2003 because the plaintiff did not provide evidence that he attempted an informal resolution, an institutional administrative remedy request form was not filed for the warden of his institution's review and response before this appeal and there was not specific information about the appeal so that it could be considered. Plaintiff then appealed to the central office on May 1, 2003. There, plaintiff alleged that the reason for the delay in his appeal was that he had been denied access to stamps, envelopes, and "copies in this matter" until April 30, 2003. On May 13, 2003, the central office rejected plaintiff's appeal because more specific information was needed about plaintiff's appeal so that it could be considered and because plaintiff's appeal was untimely, as it was not received within thirty days of the regional office's response.

The court finds that plaintiff failed to exhaust his administrative remedies for administrative remedy #287979 as his request to the central office was untimely. *See Ross*, 365 F.3d at 1186. In addition, plaintiff failed to exhaust his administrative remedies by failing to give institutional officials, the regional office and the central office sufficient information to consider plaintiff's claims on the merits. *See Id.* at 1184 (Section 1997e(a) effectuates the PLRA's goal of reducing quantity and improving the quality of prisoner suits by "1) allowing prison officials an opportunity to satisfy the inmate's complaint, thus potentially obviating the

need for litigation; 2) filtering out some frivolous claims; and 3) creating an administrative record that facilitates review of cases that are ultimately brought to court.").

In administrative remedy #284475, plaintiff alleged that Officer Eardley acted unprofessionally and inappropriately, causing risk to plaintiff's health and safety, and causing plaintiff to suffer psychological injury due to fear of harm by institution staff and other inmates.   On November 26, 2002, plaintiff and his counselor agreed that plaintiff's grievance was unable to be resolved informally. Plaintiff appealed to the warden, who informed plaintiff on December 11, 2002 that an investigation was taking place to address his allegations, and that if any merit was found to plaintiff's complaint, proper action would be taken.   The warden also apprised plaintiff of his right to appeal to the regional office if he was not satisfied with the warden's response.   Plaintiff appealed to the regional office on December 12, 2002.   The regional office informed plaintiff that his allegation of staff misconduct was forwarded to the appropriate department by the institution, and that any information regarding staff investigation is non-disclosable.   Plaintiff appealed the regional office's decision to the central office on May 6, 2003.   The central office found that plaintiff's appeal was untimely, coming more than thirty days after the regional office's response when it was due on February 28, 2003, and informed plaintiff that he needed to provide verification on BOP letterhead to document that the untimeliness was not plaintiff's fault.   Plaintiff replied to the central office with a letter stating that from February 11, 2003 until April 21, 2003, he was placed in a special housing unit, and while in the special housing unit, he did not have access to any forms, stamps, or "anything."   He also claimed that he did not have access to copies of his appeals and stamps

until April 30, 2003.   In support of his claims, plaintiff attached a BOP memorandum stating that Leavenworth had been on lock down status from May 18, 2003 until June 18, 2003.

The court finds that plaintiff failed to exhaust his administrative remedies for administrative remedy #284475 as his request to the central office was untimely.   *See Ross*, 365 F.3d at 1186. The court also finds that the untimeliness was not beyond the control of plaintiff as the materials provided by plaintiff show that the lock down of Leavenworth began on May 18, 2003, but plaintiff's appeal was untimely as of February 28, 2003.

In administrative remedy #299643, plaintiff alleges that Officers Semick and Howard, Unit Manager Ashman, Associate Wardens Marberry and Fields, and Warden Connor subjected plaintiff, while he was housed in the special housing unit holding cell, to cruel punishment by handcuffing plaintiff with small cuffs and denying plaintiff food and water for more than six hours.   Plaintiff failed to settle the grievance informally and the grievance was appealed to the warden on May 16, 2003.   On June 4, 2003, the warden ordered an investigation of plaintiff's allegation, and informed plaintiff that if any merit was found to his complaint, proper action would be taken.   The warden also apprised plaintiff of his right to appeal.   On June 26, 2003, plaintiff appealed to the regional office, which rejected plaintiff's appeal on July 14, 2003 because he did not provide a copy of his institution administrative remedy request.   The regional office also informed plaintiff that he could resubmit his appeal with the proper documentation within 15 days.   On September 9, 2003, the regional office received plaintiff's request for administrative remedy, which was reviewed, and plaintiff was informed that his allegations were being investigated, but the results of the investigation were non-disclosable.

12

Plaintiff appealed the regional office's decision to the central office on October 3, 2003. The central office rejected plaintiff's appeal because he did not provide documentation of his institutional administrative remedy request form, documentation of the response from the warden, documentation of his regional office administrative remedy appeal nor documentation of the response from the regional director. Plaintiff was informed that he could resubmit his appeal in proper form within 15 days of the date of the rejection notice, but plaintiff chose not to do so.

Because plaintiff failed to file a proper appeal with the central office so that his claim could be heard on its merits, the court finds that plaintiff failed to exhaust his administrative remedies for administrative remedy #299643. *See Jernigan,* 304 F.3d at 1032 (substantial compliance does not apply to the PLRA).

In administrative remedy  #295019, plaintiff alleges an attempted sexual assault by Officer Semick. An informal resolution was unable to be reached, and a request for administrative remedy was sent to the warden. The warden ordered an investigation, which found that there was no merit to plaintiff's complaints. The warden in a response dated April 10, 2003, informed plaintiff of this decision and informed him of his right to appeal. Plaintiff appealed to the regional office on May 1, 2003, and on May 15, 2003, the regional office responded, stating that his appeal was denied. Plaintiff then appealed to the central office on June 26, 2003, but the central office rejected plaintiff's appeal as untimely, as it was received 30 days after the decision of the regional office and  because plaintiff did not provide documentation of his institutional administrative remedy request form, documentation of the

13

response from the warden, documentation of his regional office administrative remedy appeal nor documentation of the response from the regional director. Plaintiff was informed that he could resubmit his appeal with documentation on BOP letterhead stating that the untimeliness was not his fault. Plaintiff did not respond to the central office's rejection of this administrative remedy appeal.

The court finds that plaintiff failed to exhaust administrative remedy #295019 because plaintiff failed to file a proper appeal with the central office so that his claim could be heard on its merits. *See Jernigan,* 304 F.3d at 1032 (substantial compliance does not apply to the PLRA). Plaintiff also failed to exhaust this administrative remedy as his request to the central office was untimely. *See Ross*, 365 F.3d at 1186.

In administrative remedy #327357, plaintiff alleges that officers assigned to the special housing unit dispensed a chemical agent into plaintiff's cell through his cell vent, and that the chemical agent was a personal item of the officers that was used without authorization. An informal resolution was unable to be reached, and a request for an administrative remedy was sent to the warden on March 5, 2004. On March 16, 2004, the warden ordered an investigation of plaintiff's allegation, and informed plaintiff that if any merit was found to his complaint, proper action would be taken. The warden also apprised plaintiff of his right to appeal. On March 19, 2004, plaintiff appealed to the regional office. The regional office responded April 1, 2004, finding that plaintiff's allegations were being investigated, but the results of the investigation were non-disclosable. The regional office also informed plaintiff of his right to appeal this decision. Plaintiff appealed to the central office on April 23, 2004, which rejected

14

plaintiff's appeal as untimely since it was due by May 1, 2003, within 30 days of the regional office decision.   Plaintiff was informed that he could resubmit his appeal with documentation on BOP letterhead stating that the untimeliness was not his fault, but plaintiff did not respond to the central office's rejection of this administrative remedy appeal.

The court finds that plaintiff failed to exhaust his administrative remedies for #327357 as his request to the central office was untimely. *See Ross*, 365 F.3d at 1186.

The final administrative remedy plaintiff attached to prove exhaustion of his administrative remedies was #325920.   There, plaintiff alleged that institution staff deliberately caused his assault, and that he was placed into administrative detention as punishment.   An informal resolution was unable to be reached, and a request for an administrative remedy was sent to the warden on February 20, 2004.   The warden's response was not attached, but it is clear that plaintiff was not satisfied with the warden's response and appealed to the regional office on March 17, 2004.   The regional office responded on April 4, 2004, finding that plaintiff had been the victim of an assault, requiring emergency medical attention from a local hospital, and that the incident had been referred to the Federal Bureau of Investigation where is was being investigated.   The regional office also found that plaintiff was placed in administrative detention for his safety and the secure operation of the institution, and that he would remain there until completion of the investigation.   Plaintiff was advised of his right to appeal, and plaintiff appealed to the central office on April 23, 2004.   The central office rejected plaintiff's appeal as untimely as it was due on May 1, 2004, within 30 days of

the regional office decision, but that plaintiff could resubmit his appeal with verification on BOP letterhead that the untimeliness was not his fault.  Plaintiff did not take any further action.

The court finds that plaintiff failed to exhaust his administrative remedy for #325920 as his request to the central office was untimely.  *See Ross*, 365 F.3d at 1186.

As plaintiff has failed to exhaust his administrative remedies for all six attached administrative remedies, the court grants defendants motion to dismiss plaintiff's complaint.  *See Jernigan,* 304 F.3d at 1032.

### C.  New Claim

On February 13, 2005, plaintiff filed a document in which he alleges a new claim of misconduct by Officer G. Gray. (Doc. # 89). This alleged misconduct took place at the United States Penitentiary in Florence, Colorado after plaintiff had been transferred from Leavenworth.  Defendants ask that this claim be dismissed, arguing that plaintiff has not exhausted his administrative remedies.

Plaintiff does not allege that he has exhausted his administrative remedies, nor is there any evidence to support exhaustion of administrative remedies.  Therefore, the court finds that plaintiff has not exhausted his administrative remedies for this claim, and therefore, it is dismissed.  *See Jernigan,* 304 F.3d at 1032.

### V.      Conclusion

The court grants defendants' motion to dismiss plaintiff's complaint because plaintiff has not exhausted his administrative remedies, as evidenced in the documentation provided by plaintiff and defendants.   The court also dismisses plaintiff's claim contained in Doc. # 89 for the same reason.

The court denies plaintiff's motion to strike defendants' documents, as it was proper for the United States Attorney's Office to file extensions for defendants to reply to plaintiff's pleadings, while awaiting authority to represent defendants; denies plaintiff's motion for a default judgment, as defendants have responded to plaintiff's complaint; and denies plaintiff's request for documents to reply to defendants' motion to dismiss because the court has sufficient documentation to determine whether plaintiff has exhausted his administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motion to dismiss plaintiff's complaint (Doc. # 83) is granted, and plaintiff's claim in Doc. # 89 is dismissed. Plaintiff's motion to strike all documents filed by the United States Attorney's Office on behalf of defendants and plaintiff's motion for a default judgment  (Doc. # 80) are denied, and the court also denies plaintiff's request for documents to reply to defendants' motion to dismiss (Doc. # 89).   Also, plaintiff's motion to expand the Martinez report (Doc. # 80), plaintiff's "Emergency Request for Relief" (Doc. # 56) and plaintiff's "Motion for Evidence Hearing to Second Supplemental Martinez Report" (Doc. # 95) are denied as moot.

**IT IS SO ORDERED** this 21st day of March, 2005.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

18