IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN BROWN,**

    **Plaintiff,**

    v.                                  Case No.  04-3216-JWL

**M. EARDLEY, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff brought a *Bivens* action against defendants, fourteen Bureau of Prisons staff members who were employed at the United States Penitentiary in Leavenworth, Kansas during the times relevant to plaintiff's complaint, alleging that various terms of the conditions of his confinement violated his Eight Amendment rights provided by the Constitution.  The court dismissed plaintiff's complaint in its entirety in a Memorandum and Order dated March 21, 2005 because plaintiff did not exhaust his administrative remedies for any of his claims. This matter is currently before the court on plaintiff's "Motion to Reconsider by Review of Entire Record" (Doc. # 101).[1]  The court denies plaintiff's motion to reconsider because the court has not misapprehended the facts, plaintiff's position, nor the controlling law.

---

[1] As part of the court's March 21, 2005 Memorandum and Order, the court found that plaintiff had alleged a new claim in Doc. # 89, and the court dismissed this claim because plaintiff failed to exhaust all of his administrative remedies.  Plaintiff now states that he did not intend to raise a new claim, so the court will not address its dismissal of what it believed to be a new claim as the issue is moot.

**Standard**

The Federal Rules of Civil Procedure do not provide a mechanism pursuant to which a party may file a "motion to reconsider." *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997) (quoting *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995)). Instead, the court construes such a filing as either a Rule 59(e) motion or a Rule 60(b) motion, depending upon the timing of the filing of the motion. *Id.*

A motion to reconsider filed within ten days after entry of judgment is considered a Rule 59(e) motion. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff's motion is considered as filed within ten days of the court's order dismissing his complaint due to the "mailbox rule," as plaintiff placed his motion in the mail on March 30, 2005 even though it was not received by the court until April 21, 2005. Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id*. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

**Analysis**

The Federal Bureau of Prisons ("BOP") maintains a four-step procedure for processing inmate grievances. See *Yousef v. Reno*, 254 F.3d 1214, 1220 (10th Cir. 2001). The inmate

must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the warden of his institution through a written administrative remedy request. 28 C.F.R §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the regional director at the regional office. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the office of general counsel in Washington, D.C., the central office. 28 C.F.R. § 542.15. Each stage of the process has its own time limits and procedural instructions, and inmates are required to adhere to them. *McGee v. Federal Bureau of Prisons*, 2004 WL 2931365 at *3 (10th Cir. Dec. 20, 2004).

Plaintiff submitted an "Administrative Remedy Brief" (Doc. # 4) to show that he had exhausted his administrative remedies, specifically listing six administrative remedy filings as evidence of his exhaustion: (1) "Count one set," #287979, (2) "Count two set," #284475, (3) "Count three set," #299643, (4) "Count four set," #295019, (5) "Count five set," #327357 and (6) "Count six set," # 325920. The court, however, in its memorandum and order dismissing plaintiff's claims found that the records from all of these grievances show that plaintiff has failed to exhaust his administrative remedies.

In administrative remedy #287979, plaintiff alleged that he was being harassed and assaulted by Officer Eardley. The court found that plaintiff failed to exhaust his administrative remedies for administrative remedy #287979 as his request to the central office was untimely, citing *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004) ("Regardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he 'may

3

not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.' "). The court also found that plaintiff failed to exhaust his administrative remedies by failing to give institutional officials, the regional office and the central office sufficient information to consider plaintiff's claims on the merits, citing *Ross* at 1184 (Section 1997e(a) effectuates the PLRA's goal of reducing quantity and improving the quality of prisoner suits by "1) allowing prison officials an opportunity to satisfy the inmate's complaint, thus potentially obviating the need for litigation; 2) filtering out some frivolous claims; and 3) creating an administrative record that facilitates review of cases that are ultimately brought to court.").

Plaintiff argues that his motion to reconsider should be granted because the court committed clear error when it found that plaintiff has failed to exhaust his administrative remedies because plaintiff followed "a different roadmap 'clearly' within procedures." Plaintiff argues that he filed his grievance under 28 C.F.R. § 542.18, not § 542.13 nor § 542.14. Plaintiff, however, fails to recognize the purpose of 28 C.F.R. § 542.18. This regulation sets forth the response times that the warden, regional office and central office have to respond to a grievance and subsequent appeals by a prisoner. This regulation also states that a prisoner may consider the absence of a response within the time allotted for reply, including extension, to be a denial at that level. However, this regulation in no way changes a prisoner's obligation to exhaust his or her administrative remedies before filing a civil suit.

Plaintiff also argues that the court committed clear error because it did not find the untimeliness of plaintiff's grievance appeal beyond his control. Plaintiff argues that he was

4

denied access to stamps and thereby use of the mail from January 29, 2003, when his appeal was rejected by the regional office, until May 1, 2003, when plaintiff appealed the decision to the central office, making the timely filing of an appeal impossibe.  Plaintiff, however, fails to recognize that the central office rejected his grievance mainly because it needed more information, which plaintiff chose not to submit.  Since plaintiff chose not to provide specific information to the central office showing that the untimeliness of his appeal was beyond his control or any other type of information, he cannot circumvent the administrative remedy process and raise this issue for the first time while bringing suit.  *See Ross*, 365 F.3d at 1186 (one of the policy goals of the PLRA is "allowing prison officials an opportunity to satisfy the inmate's complaint, thus potentially obviating the need for litigation").

For the reasons above, the court finds that it did not misapprehend the facts, plaintiff's position, nor the controlling law when finding that plaintiff failed to exhaust his administrative remedies for administrative remedy #287979.

In administrative remedy #284475, plaintiff alleged that Officer Eardley acted unprofessionally and inappropriately, causing risk to plaintiff's health and safety, and causing plaintiff to suffer psychological injury due to fear of harm by institution staff and other inmates.  The court found that plaintiff failed to exhaust his administrative remedies for administrative remedy #284475 as his request to the central office was untimely, citing *Ross*, 365 F.3d at 1186. The court also found that the untimeliness was not beyond the control of plaintiff as the materials provided by plaintiff show that the lock down of Leavenworth began on May 18, 2003, but plaintiff's appeal was untimely as of February 28, 2003.  Here, plaintiff

argues for the first time that he should have been granted an extension of time by the central office to cure any defects. This is an argument that should have been made in opposition to defendants' motion to dismiss but was not, and the court will not consider it now. *See Servants of Paraclete*, 204 F.3d at 1012 (it is inappropriate to raise arguments in a motion for reconsideration that could have been raised in prior briefing). Therefore, the court finds that it did not misapprehend the facts, plaintiff's position, nor the controlling law when finding that plaintiff failed to exhaust his administrative remedies for administrative remedy #284475.

In administrative remedy #299643, plaintiff alleged that Officers Semick and Howard, Unit Manager Ashman, Associate Wardens Marberry and Fields and Warden Connor subjected plaintiff, while he was housed in the special housing unit holding cell, to cruel and unusual punishment by handcuffing plaintiff with small cuffs and denying plaintiff food and water for more than six hours. Because plaintiff failed to file a proper appeal with the central office, one that provided the central office with records from administrative remedy requests to the warden and regional office so that his claim could be heard on its merits, the court found that plaintiff failed to exhaust his administrative remedies for administrative remedy #299643, citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) (substantial compliance does not apply to the PLRA). Plaintiff now argues that he did resubmit his appeal directing the court to his "Administrative Remedy Brief" "Doc. 4, Set 3, page 4." There, however, the records indicate that plaintiff appealed to the central office on October 3, 2003 and that the central office rejected plaintiff's appeal on November 3, 2003, but there are no records showing that plaintiff complied with the central office's request for supporting documents.

As plaintiff failed to file a proper appeal with the central office, the court finds that it did not misapprehend the facts, plaintiff's position, nor the controlling law when finding that plaintiff failed to exhaust his administrative remedies for administrative remedy #299643.

In administrative remedy # 295019, plaintiff alleged an attempted sexual assault by Officer Semick. The court found that plaintiff failed to exhaust administrative remedy #295019 because plaintiff failed to file a proper appeal with the central office so that his claim could be heard on its merits, citing *Jernigan,* 304 F.3d at 1032 (substantial compliance does not apply to the PLRA). The court also found that plaintiff failed to exhaust this administrative remedy as his request to the central office was untimely, citing *Ross*, 365 F.3d at 1186. Plaintiff argues that the court should have found that he exhausted his administrative remedy because any untimeliness was beyond his control and it was the duty of prison officials, not plaintiff to file for an extension. However, both of these arguments are raised for the first time on plaintiff's motion to reconsider. The court cannot consider them now as they should have been raised in response to defendants motion to dismiss, and the court finds that it did not misapprehend the facts, plaintiff's position, nor the controlling law when finding that plaintiff failed to exhaust his administrative remedies for administrative remedy #295019. *See Servants of Paraclete*, 204 F.3d at 1012 (it is inappropriate to raise arguments in a motion for reconsideration that could have been raised in prior briefing).

In administrative remedy #327357, plaintiff alleged that the officers assigned to the special housing unit dispensed a chemical agent into plaintiff's cell through his cell vent, and that the chemical agent was a personal item of the officers that was used without authorization.

The court found that plaintiff failed to exhaust his administrative remedies for #327357as his request to the central office was untimely, citing *Ross*, 365 F.3d at 1186. In his response to defendants' motion to dismiss, plaintiff argued that he had made a timely filing of his appeal. Plaintiff now argues that the untimeliness in filing his appeal was beyond his control.[2] Plaintiff raised this argument for the first time in his motion to reconsider when it should have been raised in opposition to defendants' motion to dismiss. Therefore, the court will not consider it now, and the court finds that it did not misapprehend the facts, plaintiff's position, nor the controlling law when finding that plaintiff failed to exhaust his administrative remedies for administrative remedy #327357. *See Servants of Paraclete*, 204 F.3d at 1012.

The final administrative remedy plaintiff attached to prove exhaustion of his administrative remedies was #325920. There, plaintiff alleged that institution staff deliberately caused his assault, and that he was placed into administrative detention as punishment. The court found that plaintiff failed to exhaust his administrative remedy for #325920 as his request to the central office was untimely, citing *Ross*, 365 F.3d at 1186. Again, plaintiff now argues that the untimeliness in filing his appeal was beyond his control. Plaintiff raised this argument for the first time in his motion to reconsider when it should have been raised in opposition to defendants' motion to dismiss. Therefore, the court will not consider it now, and court finds that it did not misapprehend the facts, plaintiff's position, nor the controlling law

---

[2] Plaintiff correctly notes that the court incorrectly stated that his appeal to the central office was due May 1, 2003 when it was due May 1, 2004. The court did not rely on the appeal being due in 2003 in its analysis, and plaintiff's appeal was untimely because it did not arrive at the central office until May 12, 2004.

8

when finding that plaintiff failed to exhaust his administrative remedies for administrative remedy #325920.  *See Servants of Paraclete*, 204 F.3d at 1012.

As the court did not misapprehend the facts, plaintiff's position, nor the controlling law when it found that plaintiff failed to exhaust his administrative remedies, the court denies plaintiff's motion for reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's "Motion to Reconsider by Review of Entire Record" (Doc. # 101) is denied.

**IT IS SO ORDERED** this 29th day of June, 2006.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge